**LAN YUN WANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 05–4857–ag.**

United States Court of Appeals, Second Circuit.

July 14, 2006.

Liu Yu, New York, New York, for Petitioner.

Amul R. Thapar, United States Attorney, Eastern District for the Kentucky, Cheryl Morgan, Assistant United States Attorney, Lexington, Kentucky, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

## SUMMARY ORDER

Lan Yun Wang, a native and resident of China, petitions for review of the BIA's order affirming Immigration Judge ("IJ") Brigitte LaForest's decision denying Wang's claim for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

In this case, the IJ found Wang's testimony incredible because, among other things, Wang was unable to explain the following inconsistencies between her testimony and her documentary evidence, particularly her parents' letter: (1) Wang testified that she was detained for five days, but that her grandmother was released the same day they were arrested, yet Wang's parents stated in their letter that Wang's grandmother was also detained for five days; and (2) Wang testified that the police came to her parents' home on two occasions seeking money, yet her parents indicated in their letter that the police visited their home every two or three days asking for money. The IJ reasonably relied on these inconsistencies to find Wang not to be credible; Wang's explanation were not so compelling as to require the opposite result. *See, e.g., Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Thus, the IJ's findings are supported by substantial evidence in the record.

Wang has not challenged the IJ's denial of her withholding of removal and CAT claims in her brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005). We decline to address these issues here.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).